COXE BROS. & Co., Appellant, vs. MILBRATH, Respondent.

*November 29—December 16, 1902.*

*Appeal and error: Practice: Immaterial error.*

1. Where technical error appears in the record the judgment appealed from will not be reversed unless some prejudice thereby results to the appellant.
2. Where out of three questions of a special verdict, one question and its answer fully supports the judgment appealed from, and it cannot be discovered that either the submission of the other two questions or the admission of evidence upon the issues embraced in them could have affected the answer to that question, the appellant is not prejudiced thereby.

APPEAL from a judgment of the superior court of Milwaukee county: GEO. W. BURNELL, Judge. *Affirmed.*

Action upon a guaranty made by defendant, and delivered January 18, 1896, in the following words: "I hereby extend the guarantee of O. Kornreich's account, which expires today, to an amount not exceeding twenty-five hundred dollars, until May 1st, 1897," which guaranty, upon a former appeal, was held valid by this court as to all coal sold to Korn-

reich after January 18th. 110 Wis. 499, 86 N. W. 174. On that date there was a balance due from Kornreich in the sum of $3,528.64, and thereafter coal was sold to him by the plaintiff to the amount of $1,932.61. During the same period Kornreich received credit for money, commissions, etc., to the amount of $1,817.82, and in addition there was paid to plaintiff's agent Kornreich's promissory note for $2,000, indorsed by the defendant, which was afterwards paid in due course. The questions litigated were with reference to the application of these several payments, it being claimed on behalf of the defendant that he signed the note, intrusted same to Kornreich to be applied on the guaranty, and that it was delivered by Kornreich and received by plaintiff's agent Kuesel upon the express understanding that it was to so apply. It was also claimed by defendant that at the time of making the guaranty plaintiff's agent agreed that all sums paid by Kornreich on account should apply on the guarantied portion of his indebtedness. Both of these contentions were denied by the testimony of the agent Kuesel. The court submitted a special verdict of three questions: (1) Was the note delivered by defendant to Kornreich with instructions that it be applied on the guaranty? (2) Was the note delivered to Kuesel with directions that it be applied on defendant's guaranty? (3) Was it understood by Milbrath and Kuesel at the time of making the guaranty that all payments made on Kornreich's account were to be applied thereon? All these questions were answered in the affirmative. After motion for a new trial on the minutes of the judge, judgment was entered for the defendant, from which the plaintiff appeals. He assigns as error—First, the submission of the first and third questions in the special verdict; second, refusal to strike out evidence admitted in support of the third question; and, third, the admission of evidence in support of the first question.

For the appellant the cause was submitted on the brief of

*Van Dyke & Van Dyke & Carter,* and for the respondent on that of *Julius E. Roehr.*

Dodge, J.   Were it conceded that each of the appellant's assignments presented a technical error of the trial court, which it is not, still we should not be at liberty to reverse for that reason unless we could discover some prejudice thereby resulting to him.   The second question and its answer, if not affected by any error, fully support the judgment.   If the $2,000 note was delivered to the plaintiff's agent expressly for the purpose of application upon the defendant's guaranty, it more than satisfied all liability established thereon.   Upon most careful consideration, we find ourselves unable to conceive how the jury's conclusion upon that question could have been affected by either of the acts assigned as error.   The answer to that question depended upon a square conflict of evidence as to the existence and details of a transaction between Kornreich and Kuesel.   Did Kornreich deliver that note to Kuesel, and did he inform him upon such delivery that it was for application upon the guaranty?   If the jury were properly instructed, their conclusion could have in no wise been affected or varied by considerations whether the note was delivered by defendant to Kornreich with certain instructions, or whether, at the time of entering into the guaranty some months before, certain promises as to application of payments were made by Kuesel.   That the jury were properly instructed we must assume from the fact that appellant makes no complaint either of the instructions given or of the refusal of any requests to instruct.   Indeed, he does not even print the instructions given or requested.   Being thus unable to discover that either the submission of the other two questions or the admission of evidence upon the issues embraced in them could have affected the answer to the second question, we cannot say that appellant was thereby prejudiced in any respect affecting the judgment appealed from.

*By the Court.*—Judgment affirmed.